UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JAMES FOX, Individually and on Behalf of the Class, <br><br> Plaintiff, <br><br> v. <br><br> GENWORTH LIFE AND ANNUITY INSURANCE COMPANY, a Virginia Corporation, <br><br> Defendant. | No. 2:24-cv-01001 WBS CKD <br><br> MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION TO REMAND AND DEFENDANT'S MOTION TO STRIKE |

----oo0oo----

Plaintiff James Fox filed this putative class action in state court, alleging various state law violations in connection with the cancellation of life insurance policies. (Docket No. 1 at 10-40.) Defendant Genworth Life and Annuity Insurance Company removed to federal court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d). (Id. at 1-5).) Before the court are plaintiff's motion to remand based on a lack of equitable jurisdiction (Docket No. 44) and defendant's motion to strike the class action allegations (Docket No. 39).

1

I.   Procedural Background

Plaintiff's original complaint, filed on February 28, 2024, and removed to this court on April 3, 2024, brought claims for (1) declaratory relief, (2) breach of contract, (3) unfair competition, and (4) bad faith.  (Docket No. 1.)

On October 15, 2024, the court granted defendant's motion to stay because a then-pending appeal, Small v. Allianz Life Insurance Company of North America, 122 F.4th 1182 (9th Cir. 2024), would decide an important issue pertaining to recovery under California Insurance Code §§ 10113.71 and 10113.72, the statutes at issue in this case.  (Docket No. 23.)

Following the decision in Small, in which the Ninth Circuit reversed the district court's grant of class certification, 122 F.4th at 1197, defendant filed a motion to lift the stay, which the court granted.  (Docket No. 32.) Plaintiff then amended his complaint to remove three of his four claims, leaving only the claim brought under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200.  (First Am. Compl. ("FAC") (Docket No. 37).)

II.   Motion to Remand

Plaintiff's counsel has strategically amended the complaint in an attempt to deprive this court of equitable jurisdiction, presumably in response to the ruling in Small. Sonner v. Premier Nutrition Corporation, 971 F.3d 834 (9th Cir. 2020), similarly involved a plaintiff who had strategically amended the complaint to leave only claims for equitable relief. There, the Ninth Circuit held that "traditional principles governing equitable remedies in federal courts, including the

2

1  requisite inadequacy of legal remedies, apply when a party
2  requests restitution under the UCL . . . in a diversity action."
3  Id. at 844.  This holding rested on longstanding Supreme Court
4  precedent requiring that federal courts apply the "traditional"
5  rules governing equitable jurisdiction, including that a "plain,
6  adequate and complete remedy at law must be wanting."  Id. at 840
7  (citing Guar. Tr. Co. of N.Y. v. York, 326 U.S. 99, 105-06
8  (1945)).  The Ninth Circuit affirmed the district court's
9  dismissal of the plaintiff's claim for restitution under the UCL
10 due to the availability of an adequate legal remedy.  Id. at 845.
11 See also Guzman v. Polaris Industries Inc., 49 F.4th 1308, 1313
12 (9th Cir. 2022).

13         Relying on Sonner and arguing that his complaint does
14 not plead the inadequacy of legal remedies, plaintiff moves to
15 remand on the ground that this court lacks the power to grant
16 equitable relief.  However, as this court has previously stated,
17 "it is unclear why Sonner would vitiate the court's already-
18 established CAFA jurisdiction" such that remand is appropriate.
19 Fust v. Gilead Scis., Inc., No. 2:23-cv-2853 WBS DB, 2024 WL
20 732965, at *3 (E.D. Cal. Feb. 21, 2024) (citation modified).
21 Indeed, the Ninth Circuit clarified that Sonner "did not indicate
22 that [plaintiff's] failure to plead an inadequate remedy at law
23 deprived the district court of jurisdiction over her complaint,"
24 but rather that dismissal was not error under those
25 circumstances.  Sonner v. Premier Nutrition Corp. ("Sonner II"),
26 49 F.4th 1300, 1303 (9th Cir. 2022).

27         Contrary to plaintiff's argument, remand is not
28 permitted under 28 U.S.C. § 1447(c), which authorizes a district

3

court to remand a case to state court due to either lack of subject matter jurisdiction or defects in the removal procedure. See Polo v. Innoventions Int'l, LLC, 833 F.3d 1193, 1196 (9th Cir. 2016) (citing 28 U.S.C. § 1447(c)).  While a court must possess equitable jurisdiction in order to grant equitable relief, the Ninth Circuit has made clear that "[e]quitable jurisdiction is distinct from subject matter jurisdiction." See Guzman, 49 F.4th at 1314.  "Subject matter jurisdiction regards 'whether the claim falls within the limited jurisdiction conferred on the federal courts' by Congress, while equitable jurisdiction regards 'whether consistently with the principles governing equitable relief the court may exercise its remedial powers.'"  Id. (quoting Schlesinger v. Councilman, 420 U.S. 738, 754 (1975)).

It is undisputed that this court has subject matter jurisdiction pursuant to CAFA because there are at least 100 class members, the parties are minimally diverse, and the amount in controversy exceeds $5 million.  See 28 U.S.C. § 1332(d)(2). Plaintiff has not amended the complaint in a manner that eliminates CAFA jurisdiction, nor has he identified any defects in removal.  Cf. Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 30 (2025) (when a plaintiff amends the complaint in a manner that eliminates the jurisdictional basis on which removal was premised, the court loses subject matter jurisdiction and must remand).  See also Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

1               Although some district courts have applied common law
2    principles of abstention in order to decline jurisdiction and
3    remand cases seeking equitable relief unavailable in federal
4    court, see, e.g., Ruiz v. The Bradford Exch., Ltd., No. 3:23-cv-
5    01800, 2024 WL 2844625, at *4 (S.D. Cal. May 16, 2024)
6    (collecting cases), plaintiff has not cited -- and the court is
7    unaware of -- any authority requiring remand under these
8    circumstances.  See Fust, 2024 WL 732965, at *3 ("[P]laintiffs
9    offer no binding authority requiring remand at the pleading stage
10   for lack of power to grant equitable relief.").  To the contrary,
11   other judges of this court have reasoned that dismissal, not
12   remand, is the appropriate course of action when the district
13   court lacks equitable jurisdiction.  See Demaria v. Big Lots
14   Stores, No. 2:23-cv-00296 DJC CKD, 2023 WL 6390151, at *8 (E.D.
15   Cal. Sept. 29, 2023); Lopez v. Cequel Commc'ns, LLC, No. 2:20-cv-
16   02242 TLN JDP, 2021 WL 4476831, at *2 (E.D. Cal. Sept. 30, 2021);
17   see also Guzman, 49 F.4th at 1312 (where the district court lacks
18   equitable jurisdiction over a claim, it is "required to dismiss"
19   that claim).  The court finds these cases persuasive.
20              Accordingly, plaintiff's motion to remand will be
21   denied.
22   III. Motion to Strike
23              Defendant has moved to strike the complaint's class
24   action allegations pursuant to Federal Rule of Civil Procedure
25   12(f), which permits the court to "strike from a pleading an
26   insufficient defense or any redundant, immaterial, impertinent,
27   or scandalous matter."  "Motions to strike should not be granted
28   unless the matter to be stricken clearly could have no possible

                                    5

1  bearing on the subject of the litigation or unless prejudice
2  would result to the moving party from denial of the motion."
3  Harper v. Charter Commc'ns, LLC, No. 2:19-cv-00902 WBS DMC, 2020
4  WL 916877, at *5 (E.D. Cal. Feb. 26, 2020) (quoting Delgado v.
5  Marketsource, Inc., No. 17-cv-07370, 2019 WL 1904216, at *3 (N.D.
6  Cal. Apr. 29, 2019)).

7        Defendant does not establish that the class allegations
8  are "redundant, immaterial, impertinent, or scandalous" as
9  required by Rule 12(f), but instead argues that the allegations
10 should be stricken because class certification is purportedly
11 precluded by the Ninth Circuit's decision in Small, 122 F.4th at
12 1198-1202.  But as this court has previously stated, "motions to
13 strike class allegations are disfavored because a motion for
14 class certification is a more appropriate vehicle for arguments
15 pertaining to class allegations."  Harper, 2020 WL 916877, at *5
16 (quoting Olney v. Job.com, Inc., No. 1:12-cv-01724 LJO SKO, 2013
17 WL 5476813, at *3 (E.D. Cal. Sep. 30, 2013)).

18       The Supreme Court has explained that "an order striking
19 class allegations is functionally equivalent to an order denying
20 class certification" under Federal Rule of Civil Procedure 23.
21 Microsoft Corp. v. Baker, 582 U.S. 23, 34 n.7 (2017) (citation
22 modified).  Striking class allegations under Rule 12(f) based on
23 the relatively scant briefing before the court would seem to defy
24 the Supreme Court's directive that district courts conduct a
25 "rigorous analysis" of the elements required for class
26 certification under Rule 23, which is not a "mere pleading
27 standard."  See Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338,
28 350-51 (2011).  See also Baker, 582 U.S. at 31-33 (appealability

of order striking class allegations is governed by Rule 23(f));
Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 941 (9th
Cir. 2009) ("A defendant may move to deny class certification
before a plaintiff files a motion to certify a class" under Rule
23.).  Accordingly, defendant's motion to strike will be denied.

　　　　　IT IS THEREFORE ORDERED that plaintiff's motion to
remand (Docket No. 44) be, and the same hereby is, DENIED.

　　　　　IT IS FURTHER ORDERED that defendant's motion to strike
(Docket No. 39) be, and the same hereby is, DENIED.

Dated:  August 18, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE