**NICHOLAS & TOMASEVIC, LLP**
CRAIG M. NICHOLAS (SBN 178444)
ALEX TOMASEVIC (SBN 245598)
JAKE W. SCHULTE (SBN 293777)
225 Broadway, 19th Floor
San Diego, CA 92101
cnicholas@nicholaslaw.org
atomasevic@nicholaslaw.org
jschulte@nicholaslaw.org
Tel: 619-325-0492 / Fax: 619-325-0496

Attorneys for Plaintiff JAMES FOX

**DENTONS US LLP**
SANDRA D. HAUSER (*pro hac vice*)
MICHAEL J. DUVALL (SBN 276994)
LEANNA M. ANDERSON (SBN 228271)
CASSANDRA BECKMAN WIDAY (*pro hac vice*)
SAMANTHA FAHR (SBN 299409)
HALEY S. EASTHAM (*pro hac vice*)
601 South Figueroa St., Suite 2500
Los Angeles, CA 90017
sandra.hauser@dentons.com
michael.duvall@dentons.com
leanna.anderson@dentons.com
samantha.fahr@dentons.com
haley.eastham@dentons.com
Tel: 213-623-9300 / Fax: 213-623-9924

Attorneys for Defendant
**GENWORTH LIFE AND ANNUITY INSURANCE COMPANY**

[SEE ADDITIONAL COUNSEL ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FOX, Individually, and on Behalf of the Class,<br><br>    Plaintiff,<br><br>        v.<br><br>GENWORTH LIFE AND ANNUITY INSURANCE COMPANY, a Virginia Corporation; and DOES 1-10, Inclusive,<br><br>    Defendants. | Case No. 2:24-cv-01001-WBS-CKD<br><br>~~[PROPOSED]~~ **STIPULATED PROTECTIVE ORDER**<br><br>Action Filed: 2/28/2024<br>Trial: 3/23/2027 |

Case No. 2:24-cv-01001-WBS-CKD          1

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action is likely to involve the production of confidential or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge, as set forth in Section 13.3 below, that this Order does not automatically entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a Party or Non-Party seeks permission from the Court to file material under seal.

2.    STATEMENT PURSUANT TO LOCAL RULE 141.1

2.1  Covered Information: Pursuant to Local Rule 141.1(c)(1), the following information will be eligible for protection under this Order: proprietary business information, including trade secrets, pricing information, strategic planning information, software or system information, product design or research information, internal policy and procedure manuals, and other strategic, business, financial, or technical information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.

2.2  Particularized Need for Protection: Pursuant to Local Rule 141.1(c)(2), a specific, particularized need for protection

Case No. 2:24-cv-01001-WBS-CKD          2

as to information covered by this Order exists. The information consists of, among other things, confidential strategic and financial information, information about confidential business practices, confidential research and product design information, and information otherwise generally unavailable to the public or which may be privileged or otherwise protected from disclosure under federal or state statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information in discovery while adequately protecting information that the Parties are presumptively entitled to keep confidential, a protective order for such information is justified in this matter. It is the intent of the Parties that information will be designated under this Order based on a good faith belief that it has been maintained in a confidential and non-public manner and, moreover, there is good cause why it should not be part of the public record in this action.

   2.3   <u>Showing of Need for a Protective Order</u>: Pursuant to Local Rule 141(c)(3), there is a need for the contemplated protections herein to be Court-ordered for both the convenience of the Parties and this Court. The entry of this Order prevents ongoing motion practice and piecemeal court analysis under Federal Rule of Civil Procedure 26(c), in favor of a procedure whereby presumptive protection is afforded based on the Parties' representations. As a result, production may be made under this Order while still permitting challenges to designations as necessary, if ever.

3.    DEFINITIONS

3.1    Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

3.2    "CONFIDENTIAL" Information or Items: Testimony, transcripts, documents, or other information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

3.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

3.4    Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

3.5    Disclosure or Discovery Material: All testimony, transcripts, documents, or other information (regardless of how generated, stored, or maintained) or tangible things that are produced or generated in disclosures or responses to discovery in this action.

3.6    Expert: A person with specialized knowledge or experience in a matter pertinent to this case who has been retained by a Party or their counsel to serve as an expert witness or as a consultant in this action.

3.7    "HIGHLY CONFIDENTIAL" Information or Items: "Confidential" Information that is highly sensitive personally-identifying information or highly sensitive and proprietary business information of the Designating Party (including, without limitation, trade secrets, pricing information, strategic planning information, software or system information, product

design or research information, or other strategic, business, financial, or technical information which would create a substantial risk of competitive or business injury to the Designating Party if disclosed).

3.8  House Counsel: Attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9  Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.10 Outside Counsel of Record: Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

3.11 Party: Any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.12 Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

3.13 Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14 Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

3.15 <u>Receiving Party</u>: A Party or Non-Party that receives Disclosure or Discovery Material from a Producing Party.

4. <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties, Non-Parties, or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or which becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; or (b) any information obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and who is under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

Nothing in this Order shall restrict a Producing Party from disclosing or using its own Disclosure or Discovery Material for any purpose.

Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in Court or in any Court filing for the above-captured litigation only, including any appeals of the action, so long as appropriate actions are taken to protect any Protected Material's confidentiality, such

as filing the Protected Material under seal in accordance with applicable Court rules.

Nothing in this Order shall restrict a Producing Party from seeking additional protection for any Disclosure or Discovery Material or from seeking modification of this Order.

5.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed the later of: (a) dismissal of all claims and defenses in this action, with or without prejudice; and (b) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6.   DESIGNATING PROTECTED MATERIAL

6.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify ──so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

6.2  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material in a manner that does not interfere with the legibility of the document. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material.

(b) For testimony given in a deposition or in other pretrial proceedings, that the Designating Party identify all protected testimony: (i) on the record before the close of the deposition

or proceeding; or (ii) no later than 30 days after receiving the deposition or proceeding transcript.

(c) For other information or items produced in non-documentary form such as tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or  "HIGHLY CONFIDENTIAL."

6.3  Failures to Designate. An initial failure to designate Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not waive a Party's or Non-Party's right to secure protection under this Order for such material. If a designation is later asserted, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1  Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2  Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has

been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.3   Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, then the Designating Party shall file and serve a motion to retain confidentiality within 30 days of the initial notice of challenge or within 21 days of the Parties agreeing in writing that the meet and confer process will not resolve their dispute, whichever is later. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration

affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on a challenge.

8.   ACCESS TO AND USE OF PROTECTED MATERIAL

8.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced in this action by another Party or by a Non-Party only for prosecuting, defending, or attempting to settle this action. Additionally, a Receiving Party must store and maintain Protected Material in a reasonably secure manner that ensures access is limited to the persons authorized under this Order.

Anyone in possession of Protected Material shall not reveal or discuss Protected Material with anyone not authorized to have it under this Order.  For the avoidance of doubt, the protections conferred by this Order cover not only the Protected Material itself, but also: (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below.

8.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by

the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  The Court and its personnel;

(e)  Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Order;

(g) Any mediator who is assigned to this matter, plus their staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order.

8.3   Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)   House Counsel of the Receiving Party;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the Court and its personnel;

(e)   Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(f) Any mediator who is assigned to this matter, plus their staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order.

9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATIONS

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," then that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued. The Designating Party shall bear the burden and expense of seeking protection of its Protected Material in that other court —— and nothing in these provisions should be construed as authorizing or encouraging a Party in this action to disobey a lawful directive from another court.

10.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) Make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 21 days of receiving the notice and accompanying information, then the Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party objects or timely seeks a protective

order, then the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, then the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.   PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
      MATERIAL

The production of Disclosure or Discovery Material that is subject to a claim of privilege or other protection from disclosure is not a waiver of the privilege or protection in this action or in any other proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection from disclosure, then the

obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

13.   MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the ability to seek its future modification by the Court.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.

13.3 Filing Protected Material. A Party may not file any Protected Material in the public record without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons. A Party that seeks to file under seal any Protected Material must comply with Local Rule 141. If only portions of a document contain Protected Material, then a Party may file a version of that document which is specially redacted to prevent the disclosure of the Protected Material.

13.4 Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Order shall survive and remain in effect after the termination of the above-captioned matter. The Court shall retain jurisdiction after the termination of this matter to hear and resolve any disputes arising out of this Order.

13.5 Relief for Breaches. In the event that the Court determines that there is an actual or threatened breach of this

Order by a Receiving Party, then the Parties agree that the Designating Party would not have an adequate remedy at law and would be entitled to specific performance and/or injunctive relief to enforce the terms of the Order, in addition to any other remedy that the Designating Party may be entitled to at law or in equity.

13.6 Burdens of Proof. Notwithstanding anything to the contrary above, nothing in this Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Disclosure or Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

14.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Paragraph 5, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

**IT IS SO STIPULATED, THROUGH ALL COUNSEL OF RECORD.**

Dated: March 31, 2026       **WINTERS & ASSOCIATES**


By: */s/ Alex Tomasevic*
      (as authorized on March 30, 2026)

JACK B. WINTERS (SBN 82998)
SARAH BALL (SBN 292337)
8489 La Mesa Boulevard
La Mesa, CA 91942
jwinters@singletonschreiber.com
sball@einsurelaw.com
Tel: 619-234-9000/Fax: 619-750-0413

**NICHOLAS & TOMASEVIC, LLP**
CRAIG M. NICHOLAS (SBN 178444)
ALEX TOMASEVIC (SBN 245598)
JAKE W. SCHULTE (SBN 293777)
225 Broadway, 19th Floor
San Diego, CA 92101
cnicholas@nicholaslaw.org
atomasevic@nicholaslaw.org
jschulte@nicholaslaw.org
Tel: 619-325-0492/Fax: 619-325-0496

**SINGLETON SCHREIBER, LLP**
CHRISTOPHER R. RODRIGUEZ (SBN 212274)
ANDREW D. BLUTH (SBN 232387)
MICHELLE M. MYERS (SBN 236387)
TRENT J. NELSON (SBN 340185)
1414 K Street, Suite 470
Sacramento, CA 95814
crodriguez@singletonschreiber.com
abluth@singletonschreiber.com
mmeyers@singletonschreiber.com
tnelson@singletonschreiber.com
Tel: 916-248-8478

**Attorneys for Plaintiff**
**JAMES FOX**

Dated: March 31, 2026       **DENTONS US LLP**


By: */s/ Cassandra Beckman Widay*


SANDRA D. HAUSER (*pro hac vice*)
MICHAEL J. DUVALL (SBN 276994)
LEANNA M. ANDERSON (SBN 228271)

CASSANDRA BECKMAN WIDAY (*pro hac vice*)
SAMANTHA FAHR (SBN 299409)
HALEY S. EASTHAM (*pro hac vice*)
601 South Figueroa St., Suite 2500
Los Angeles, CA 90017
sandra.hauser@dentons.com
michael.duvall@dentons.com
leanna.anderson@dentons.com
cassandra.beckmanwiday@dentons.com
samantha.fahr@dentons.com
haley.eastham@dentons.com
Tel: 213-623-9300 / Fax: 213-623-9924

**Attorneys for Defendant**
**GENWORTH LIFE AND ANNUITY INSURANCE**
**COMPANY**

## ORDER

GOOD CAUSE APPEARING, pursuant to stipulation, and with the additional order and clarification that the court will not retain jurisdiction over enforcement of the terms of this discovery protective order after this action is closed, see L.R. 141.1(f), IT IS SO ORDERED.

DATED:  APRIL 1, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 fox24cv1001.stip.po

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type affiliation], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California in the case of *Fox v. Genworth Life and Annuity Insurance Co.*, Case No. 2:24-cv-01001-WBS-CKD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of this Stipulated Protective Order being enforced, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full mailing address, telephone number, and email address] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Printed name: _____

Signature: _____

Date: _____

City and State where sworn and signed: _____